UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWMAN, et al.,<br><br>                            Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC.,<br>Commissioner of Social Security,<br><br>                            Defendant. | Case No.:  16cv2053-JLS (NLS)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING WITHOUT PREJUDICE PLAINTIFFS' COMPLAINT**<br><br>(ECF No. 2) |

Presently before the Court is Plaintiffs Perlita and George Newman (the "Newmans")' Motion to Proceed *In Forma Pauperis* ("IFP"). (IFP Mot., ECF No. 2.) Plaintiffs assert various claims stemming from Defendant Caliber Home Loans' alleged foreclosure of Plaintiffs' property.

**IFP MOTION**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

///

///

///

$400.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee.  28 U.S.C. § 1915(a).

Here, Plaintiff George Newman filed an affidavit stating that he and his spouse have a combined monthly income of $1,900, based exclusively off of retirement disbursements, and $2,000 in cash.  (IFP Mot. at 2.)  The only other asset the affidavit lists is a $25,000 mobile home.  (*Id.*)  In juxtaposition, the affidavit indicates monthly expenses totaling $1,615.[2]  Given the foregoing, the Court concludes that Plaintiff's application demonstrates that he is unable to pay the requisite fees and costs.  *See, e.g.*, *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) ("One need not be absolutely destitute to obtain [the] benefits of the in forma pauperis statute."); *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015) (noting "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status," but, "[w]hatever the standard, $350 is a lot of money to many millions of Americans").  Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP.  (ECF No. 3.)

///

///

///

---

[1]  In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013).  However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP.  *Id.*

[2]  The affidavit breaks down the monthly expenses as $710 for rent or home-mortgage payments; $200 for utilities; $30 for home maintenance; $600 for food; $30 for transportation; $30 for recreation; $20 for homeowner's or renter's insurance; and $25 for life insurance.  (*Id.* at 4–5.)  Combined, this amounts to $1,645—$30 more than Plaintiff indicates in the total monthly expenses column on the affidavit; however, crediting either in the positive or the negative the $30 discrepancy between Plaintiff's total and the sum of the individual expenses would not ultimately affect the Court's determination regarding IFP status.

**Screening Pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Court must screen every civil action brought pursuant to 28 U.S.C. § 1915(a) and dismiss any case it finds "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

As amended by the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3). *See* Fed. R. Civ. P. 4(c)(3); *Navarette v. Pioneer Med. Ctr.*, No. 12CV0629 WQH DHB, 2013 WL 139925, at *1 (S.D. Cal. Jan. 9, 2013).

All complaints must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64 (citing *Twombly*, 550 U.S. at 556). In addition, the Court must liberally construe a pro se litigant's pleadings. *See Haines v. Kerner*, 404 U.S. 519, 521–22 (1972).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." *Iqbal*, 556 U.S. at 679. "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light

most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Andrews v. King*, 393 F.3d 1113, 1121 (9th Cir. 2005); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6)."). However, "the Court need not accept as true "legal conclusions" contained in the complaint. *Iqbal*, 556 U.S. at 667. Nor may the Court "supply essential elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 678.

In the present case, Plaintiffs request "the voiding, and dismissal, of the foreclosure on their property, due to the lack of standing, by the Defendant." (Compl. at 1.) It appears that the crux of Plaintiffs' argument is that Plaintiffs' original lender—Guild Mortgage Company—transferred the underlying Deed of Trust and promissory note to Defendant without notifying Plaintiff of the transfer, and that Plaintiffs were not sufficiently apprised of the subsequent notice of default and notice of sale. (*See* Compl. at 3.) Plaintiff further argues that the Defendant has "not only violated the Plaintiffs' Civil Rights, guaranteed under the Constitution of the United States of America, but that the Defendant has violated . . . every rule of law, under Federal and State laws, governing real estate foreclosures." (Compl. at 4.)

Even taking Plaintiffs' allegations as true, the Court concludes that the complaint currently fails to state a legal claim upon which relief can be granted. Merely asserting that the Defendant violated Plaintiffs' rights generally under the Constitution and federal and state law governing real estate foreclosures is not sufficient to apprise either the Court or the named Defendant as to the claims at issue in this case. Plaintiffs would need to, at

///

///

///

a minimum, list <u>specific</u> statutory or constitutional provisions Defendant violated in order to cure this deficiency.[3]

The Court further notes that it is not clear that subject matter jurisdiction exists over Plaintiffs' action. Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 exists when all plaintiffs are diverse from all defendants, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978), and the amount "in controversy exceeds the sum or value of $75,000," 28 U.S.C. § 1332. Here, Plaintiff has pled no facts regarding the amount in controversy requirement, and thus diversity of citizenship jurisdiction is not established.

"Absent diversity of citizenship, federal-question jurisdiction is required." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction exists with "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 (citing *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936)). "A 'bare citation to' federal statutes or the U.S. Constitution fails to establish the requisite subject matter jurisdiction." *Levy v. Ryan Seacrest Prods.*, No. 2:13-CV-0070 KJM KJN, 2013 WL 418291, at *4 (E.D. Cal. Jan. 30, 2013) (citing *Denton v. Agents of Or.*, No. 3:12-CV-00022-HZ, 2012 WL 6617389, at *2 (D. Or. Dec. 19, 2012)).

In the present case, Plaintiffs' complaint merely states that the Court has jurisdiction because the Plaintiffs' civil rights "under the Constitution of the United States of America" have been violated. As established by the case law cited above, this is plainly insufficient to validly plead subject matter jurisdiction.

///

---

[3] Plaintiffs are further cautioned that merely listing a specific Constitutional provision may also be insufficient. *See, e.g.*, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (noting that Fourteenth Amendment may only be violated by conduct that "may fairly be characterized as '<u>state action</u>'" (emphasis added)).

## CONCLUSION

For the reasons stated above, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to § 1915(a), (ECF No. 2), and;

2. **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint.  Plaintiff **MAY FILE** an amended complaint within <u>thirty days</u> of the date on which this Order is electronically docketed.  *Should Plaintiff fail to file an amended complaint within the time provided, the Court will enter a final order dismissing this civil action with prejudice.*

**IT IS SO ORDERED.**

Dated:  September 30, 2016

Hon. Janis L. Sammartino
United States District Judge