UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERLITA NEWMAN, and GEORGE NEWMAN,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC. et al.,<br><br>Defendants. | Case No.: 16-CV-2053-JLS (NLS)<br><br>**ORDER: (1) DENYING REQUEST TO REOPEN CASE; (2) GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>(ECF No. 13) |

On September 30, 2016, the Court granted Plaintiffs' Motion to Proceed In Forma Pauperis, screened the Complaint, and dismissed the Complaint without prejudice. (ECF No. 3.) The Court found that Plaintiffs' Complaint failed to state a legal claim upon which relief could be granted because it had only conclusory assertions stating that Defendant Caliber Home Loans "violated Plaintiffs' rights under the Constitution and federal and state law governing real estate foreclosures." (*Id.* at 4.) The Court also found that Plaintiffs had not proven that this Court had subject matter jurisdiction over the action. (*Id.* at 5.) Plaintiffs then filed an Amended Complaint. (ECF No. 5.)[1]

---

[1] Plaintiffs' Amended Complaint lists two Defendants: Caliber Home Loans and Quality Loan Service Corporation. Plaintiffs then filed a form titled "Proof of Service by First-Class Mail." (ECF No. 5.) The form Plaintiffs filed was created for the Superior Court of California. Plaintiffs crossed out "Superior

On April 9, 2018, the Court closed this case for failure to prosecute pursuant to Civil Local Rule 41.1. (ECF No. 12.) Plaintiffs have filed a request that the dismissal be set aside and the case be reopened. (ECF No. 13.) Plaintiffs state Defendant has never responded to the Complaint and requests the Court enter orders against Defendant and award damages to Plaintiffs. (*Id.* at 2.)

In reviewing Plaintiffs' First Amended Complaint, the Court finds it must again dismiss Plaintiff's Complaint. Plaintiffs state Defendant lacks standing to sell or foreclose on Plaintiffs' property and is violating Plaintiffs' right to quiet enjoyment of their property. (ECF No. 5, at 5, 7, 10.). Plaintiffs state Defendants engaged in "fraudulent foreclosures" which is a felony under the California Penal Code. (*Id.* at 10, 13–14.) Plaintiffs state Defendants are violating Federal and "California Department of Real Estate laws." (*Id.* at 16.) Plaintiffs' first cause of action is for "fraud" and is based on Defendants' alleged misrepresentation and filing false documents. (*Id.* at 19.) Plaintiffs' second cause of action is for "violations of federal, and California state laws regarding real property foreclosures." It appears the laws Plaintiffs refer to for this cause of action are "US Code Chapter 47, # 1021, and the California Penal Code, Section 115.5." (*Id.* at 20.) Plaintiffs' third cause of action is financial elder abuse under "California Welfare and Institutions Code, Article 15610.3-.70." (*Id.* at 19–20.)

It is still unclear to the Court whether subject matter jurisdiction exists over Plaintiffs' action. Additionally, Plaintiffs have not proven or even alleged that the Court has personal jurisdiction over Defendants. The Court refers Plaintiffs' to page 5 of the Court's prior order (docket number 3) wherein the Court laid out the bases for subject

---

Court of California" and wrote in "US District Court." The form also clearly states: "Do not use this Proof of Service to show service of a Summons and Complaint." This proof of service is therefore inadequate. However, as detailed below, the Court permits Plaintiffs to file a second amended complaint. Because Plaintiffs have been granted permission to proceed IFP, the Court will order the United States Marshals to serve the complaint if it passes the Court's screening. *See* 28 U.S.C. § 1915(e)(2) (the court must review an action filed pursuant to the IFP provisions of § 1915 and rule on its own motion to dismiss before directing the Marshal to effect service pursuant to Federal Rule of Civil Procedure 4(c)(3)).

2

16-CV-2053-JLS (NLS)

matter jurisdiction: diversity jurisdiction and federal question jurisdiction. The Court found Plaintiffs had not proven that either basis for subject matter jurisdiction existed. (ECF No. 3, at 5.) The First Amended Complaint does not cure this deficiency.

As to diversity jurisdiction, Plaintiffs request damages of $500,000 from each Defendant; thus, the amount in controversy is met. However, Plaintiffs provide no information as to the citizenship of either Defendant and the Court is unable to determine if the Parties are diverse. Diversity of citizenship jurisdiction exists when all plaintiffs are diverse from all defendants, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Without any information as to the citizenship of either Defendant, the Court is unable to determine whether diversity jurisdiction exists.

As to federal question jurisdiction, the only federal law Plaintiff refers to is "US Code Chapter 47, # 1021." If this is a reference to 47 U.S.C. § 1021, the Court is unable to determine how this statute, titled "Department of Justice Telecommunications Carrier Compliance Fund" relates to Plaintiffs' allegations. Federal question jurisdiction exists with "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiffs have not stated how their Complaint arises under any federal law. *See Levy v. Ryan Seacrest Prods.*, No. 2:13-CV-0070 KJM KJN, 2013 WL 418291, at *4 (E.D. Cal. Jan. 30, 2013) ("'A 'bare citation to' federal statutes or the U.S. Constitution fails to establish the requisite subject matter jurisdiction." (citing *Denton v. Agents of Or.*, No. 3:12-CV-00022-HZ, 2012 WL 6617389, at *2 (D. Or. Dec. 19, 2012))). And, as the Court noted previously, merely asserting that Defendant violated Plaintiffs' rights under the Constitution "is not sufficient to apprise either the Court or the named Defendant as to the claims at issue in this case. Plaintiffs would need to, at a minimum, list <u>specific</u> statutory or constitutional provisions Defendant violated in order to cure this deficiency." (ECF No. 3, at 4–5.)

Thus, Plaintiffs have not established that subject matter jurisdiction exists over this case. Further, Plaintiffs have not proven that this Court has personal jurisdiction over

Defendants because Plaintiffs have provided no information as to whether Defendants are located in this state, conduct any business in this state, or have any contacts in this state.

The Court **DENIES** Plaintiffs' request to reopen the case. However, the Court **GRANTS** Plaintiffs an opportunity to file a second amended complaint. The Complaint is to specify not only Plaintiffs' causes of action, but the specific laws that Plaintiffs allege Defendants violated. The Complaint must also detail why this Court has subject matter jurisdiction over this matter and personal jurisdiction over Defendants.

Plaintiffs **SHALL** file a second amended complaint on or before June 25, 2018. If Plaintiffs file a second amended complaint, their case will be reopened. The Court will again screen Plaintiffs' Complaint and will direct the U.S. Marshals to serve the Complaint if it passes screening. *If Plaintiffs fail to file a second amended complaint by this date, their case will remain closed.*

**IT IS SO ORDERED.**

Dated: May 10, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge