UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERLITA NEWMAN, and GEORGE NEWMAN,<br><br>Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS, INC. et al.,<br><br>Defendants. | Case No.: 16-CV-2053-JLS (NLS)<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT WITHOUT LEAVE TO AMEND** |

On June 26, 2018, with leave of Court, Plaintiffs filed a Third Amended Complaint, ("TAC," ECF No. 26). Because Plaintiffs have been granted permission to proceed in forma pauperis, (ECF No. 3), the Court must screen the case and dismiss it if it finds the case to be "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim").

**I.  Screening Pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b)**

*A. Summary of TAC*

Plaintiffs name as Defendants: (1) Bank of America; (2) Caliber Home Loans; (3) LSF9 Master Participation Trust; (4) McCarthy & Holthus, PC; (5) Mortgage Electronic Registrations Systems, Inc.; (6) Newman Law Group, PC; (7) Quality Loan Services; and (8) U.S. Bank Trust, N.A.  Plaintiffs state their "central complaint" is that Defendants have violated Plaintiffs' right to quiet enjoyment of their home under the Fifth Amendment. (TAC 2.)

Plaintiffs' first cause of action is brought under 18 U.S.C. § 371, alleging all defendants are co-conspirators who conspired to commit the criminal act "of attempting to foreclose on the Plaintiffs' property, one or more times." (*Id.*)  Plaintiffs allege the Defendants used false documents that were criminally filed and recorded.

Plaintiffs' second cause of action is for "Violations of U.S. Code 8, Section 1324c, document fraud" and for perjury, or presenting false and fraudulent documents to a court. (*Id.* at 5.)  Plaintiffs' third cause of action is for "Violations of the California Penal Code, Section 115.5."  Plaintiffs allege Defendants filed and recorded false documents with the California County Recorder. (*Id.* at 6.)  Plaintiffs attach said documents.  Within this allegation, Plaintiffs allege "McCarthy and Holthus have violated the . . . rules of attorney professional conduct" by sharing financially in the litigation and contracting financially with clients. (*Id.* at 11.)  In sum, Plaintiffs request an order "stating that the fictional, and imaginary foreclosure, and sale . . . never took place." (*Id.*)  Plaintiffs also request monetary damages.

*B. Analysis*

Plaintiffs' first cause of action alleges conspiracy under 18 U.S.C. § 371.  This is a criminal statute and does not provide a private cause of action.  *See Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (dismissing claims brought pursuant to 18 U.S.C. §§ 242, 371 "because, as criminal statutes, they do not convey a private right of action"); *Lamont v. Haig*, 539 F. Supp. 552,

558 (D. S.D. 1982); *Sauls v. Bristol-Myers Co.*, 462 F. Supp. 887, 889 (S.D.N.Y. 1978) (finding same). This cause of action is **DISMISSED WITH PREJUDICE**.

Plaintiffs' second cause of action is for a violation of 8 U.S.C. § 1324c. This statute prohibits document fraud. This section provides only for governmental investigation and enforcement, *see* 8 U.S.C. § 1324c(b) & (d), and provides no evidence that Congress intended a private right of action. *See Johnson v. Talton*, No. 17-01446, 2018 WL 1427086, at *4 (W.D. Penn. Mar. 22, 2018) (holding same and dismissing complaint); *Mecado v. Quantum Serv. Corp.*, No. 15-cv-1500 (JFB) (SIL), 2015 WL 1969028, at *1 (E.D.N.Y. Apr. 29, 2015) (same). This cause of action is **DISMISSED WITH PREJUDICE**.

Plaintiffs' third cause of action is under California Penal Code § 115.5. This section imposes penalties for filing false or forged documents relating to single-family residences. Again, this statute does not provide a civil plaintiff a private right of action. *Martinez v. Wells Fargo Bank*, No. 12-cv-802-CAB (BGS), 2013 WL 12072521, at *7 (S.D. Cal. Aug. 2, 2013); *Wallace v. Mortgage Elec. Registration Sys., Inc.*, CV 11–8039 ODW MRWX, 2012 WL 94485, at *3 (C.D. Cal. Jan. 11, 2012); *Sami v. Wells Fargo Bank*, C 12–00108 DMR, 2012 WL 967051, at *9 n.9 (N.D. Cal. Mar. 21, 2012). This cause of action is **DISMISSED WITH PREJUDICE**.

Turning to Plaintiffs' "central" complaint that Defendants have violated their Fifth Amendment rights "guaranteeing the Plaintiffs, the right to the quiet enjoyment of their home, free from the interference of parties with adverse interests." (TAC 2.) The Fifth Amendment does not provide a guarantee to the "quiet enjoyment" of one's property. The covenant of quiet enjoyment exists under California law. *See* Cal. Civ. Code § 1927; 12 Witkin, Summary of California Law, Real Property, § 634 (11th ed. 2018) ("In every lease, there is an implied covenant by the lessor of quiet enjoyment and possession during the term."). In order to consider this state law claim, the Court would need diversity jurisdiction over this case because there is no remaining federal cause of action.

The Court has informed Plaintiffs multiple times that they must demonstrate how diversity jurisdiction exists in this case. (ECF No. 3, at 5; ECF No. 15, at 3.) Plaintiffs have not presented any information in their third amended complaint regarding the citizenship of any party. Further, the Court finds there is not likely to be complete diversity because Plaintiffs, California residents, have named two California-based law firms as Defendants. In sum, the Court does not have subject matter jurisdiction over this case. The state law cause of action is **DISMISSED WITHOUT PREJUDICE**.

The Court has granted Plaintiffs multiple opportunities to amend their complaint. The procedural history is as follows: in September 2016, the Court dismissed without prejudice Plaintiffs' complaint for lack of subject matter jurisdiction. (ECF No. 3.) Plaintiffs filed an amended complaint, (ECF No. 5). In April 2018, the Court dismissed the case again without prejudice because there had been no activity in the case for over a year. (ECF No. 12.) Plaintiffs then requested the Court reopen the case, (ECF No. 14), which the Court stated it would allow if Plaintiffs filed an amended complaint. (ECF No. 15.) The Court specified that Plaintiffs have not proven that the Court has subject matter jurisdiction over the case. (*Id.* at 2.) Plaintiffs filed a second amended complaint, (ECF No. 18), but also filed multiple supplemental documents containing various allegations. (ECF Nos. 20, 24.) The Court permitted Plaintiffs the opportunity to file a third amended complaint which contained all of their allegations and documents in one filing. (ECF No. 25.) Plaintiffs have done so, and despite several opportunities, have not pled a viable federal cause of action or provided any information that would allow the Court to exercise jurisdiction over this case. The Court therefore finds it appropriate to dismiss Plaintiff's Third Amended Complaint **WITHOUT LEAVE TO AMEND**. *See Abagninin v. AMVAC Chem. Corp.*, 525 F.3d 733, 742 (9th Cir. 2008) ("Leave to amend may . . . be denied for repeated failure to cure deficiencies by previous amendment."); *Karimi v. GMAC Mortg.*, No. 11-cv-926-LHK, 2011 WL 5914006, at *3 (N.D. Cal. Nov. 28, 2011) (dismissing claims without leave to amend "[b]ecause Plaintiff has already failed in two opportunities to properly plead a claim for wrongful foreclosure and declaratory relief").

The Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: July 10, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge